No. 79SA500
No. 79SA512

City and County of Denver, Stanley Baker and Stephen Barnhill v. The
District Court for the Second Judicial District of Colorado, and The
Honorable James C. Flanigan, one of the Judges thereof; J. B. McGhee
and Jully Mae Simmons, and J. B. McGhee and Jully Mae Simmons v.
The District Court for the Second Judicial District of Colorado, and The
Honorable James C. Flanigan, one of the Judges thereof; City and County
of Denver, Stanley Baker and Stephen Barnhill

(607 P.2d 984)

Decided February 19, 1980.

Halaby and Bahr, Theodore S. Halaby, Michael P. Bahr, for
petitioners (No. 79SA500) and respondents (No. 79SA512).

David B. Savitz, for respondents (No. 79SA500) and petitioners (No.
79SA512).

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

These cases, which have been consolidated for purposes of review by this court, are original proceedings brought under C.A.R. 21, challenging the trial court's discovery rulings. We remand the cases for reconsideration, consistent with the views expressed in *Martinelli v. District Court,* 199 Colo. 163, 612 P.2d 1083 (1980).

These cases arise from a civil action instituted in the respondent district court. In that action, the plaintiffs are J. B. McGhee and Jully Mae Simmons, and the defendants are the City and County of Denver (Denver) and Stanley Baker and Stephen Barnhill, police officers employed by Denver. Based on an incident which occurred on September 20, 1977, the plaintiffs allege: (1) that the defendants Baker and Barnhill, acting within the scope of their employment by Denver, effected a detention, arrest, and search of the plaintiffs and their effects, negligently and without reasonable suspicion, probable cause, or exigent circumstances; (2) that the acts of Baker and Barnhill deprived the plaintiffs of enumerated constitutional rights; (3) that the acts were committed intentionally, maliciously, willfully, and with wanton and reckless disregard of the plaintiffs' rights and feelings; and (4) that Denver acted negligently in selecting, supervising, and retaining Baker and Barnhill as police officers. The plaintiffs seek actual damages in the amount of $125,000 and exemplary damages in the amount of $200,000.

Pursuant to C.R.C.P. 34, the plaintiffs served Denver with a request for production of documents, seeking the opportunity to inspect:

(1) intelligence files concerning the plaintiffs maintained by the Denver Police Department's narcotics unit, as those files existed on or before September 20, 1977;

(2) any correspondence, memoranda, or reports written by Baker and Barnhill to their superior officers or to the police department's Staff Investigation Bureau, concerning the incident which occurred on September 20, 1977; and

(3) any complaints filed with the Staff Investigation Bureau on or before September 20, 1977, with respect to either Baker or Barnhill, as well as the results of internal investigations based on those complaints.

The defendants objected to the request for production of documents, claiming that the requested materials are privileged and confidential and that production of the materials would be contrary to the public interest and violative of section 24-72-301 *et seq.*, C.R.S. 1973 (1978 Supp.). The plaintiffs filed a motion to compel discovery pursuant to C.R.C.P. 37.

After an *in camera* examination of the requested materials, the respondent court denied discovery of the narcotics intelligence files and correspondence written by Baker and Barnhill to their superiors or the Staff Investigation Bureau. The court granted discovery of those portions of the Staff Investigation Bureau complaints and investigatory reports which it considered to be "discoverable and relevant" to the plaintiffs' causes of action.

In the original proceeding in case No. 79SA500, the defendants challenge the partial granting of the motion to compel discovery. In the original proceeding in case No. 79SA512, the plaintiffs challenge the partial denial of that motion.

The issues raised in these original proceedings parallel those addressed in a recent decision of this court, *Martinelli v. District Court, supra.* As in *Martinelli,* the order of the respondent court in the case before us does not indicate the basis for the partial granting and partial denial of discovery with respect to the materials sought to be inspected by the plaintiffs. We therefore direct the respondent court to conduct a second *in camera* examination of those materials, to make appropriate findings, and to grant or deny discovery, subject to appropriate protective orders, consistent with the views expressed in *Martinelli.*